IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                          OPINION AND ORDER

        Plaintiff,

                          10-cv-460-bbc
                          08-cr-44-bbc

   v.

CHRISTOPHER DAVIS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Christopher Davis has filed a timely motion for post conviction relief, contending that he was denied the effective assistance of counsel at his criminal trial and that his sentence violates his due process rights because it is unreasonable. After reviewing defendant's motion and both parties' briefs, I conclude that defendant has failed to show that his counsel was ineffective or that his sentence is unconstitutional.

## BACKGROUND

Defendant was arrested for traffic violations by Madison, Wisconsin police officers on March 20, 2008. When officers said they were going to perform a search incident to the

1

arrest, defendant drove off at a high rate of speed, sending the officers scrambling for safety. They began a chase, but called it off because of the volume of traffic. Sometime later, they found defendant's abandoned van in the parking lot of an apartment complex and saw defendant running away. As they ran after him, they saw him toss a loaded Hi-Point 9 mm pistol on the ground. A subsequent search of his person uncovered seven gem packs with a total of 0.7 grams of heroin.

The van defendant had been driving was registered to his ex-girlfriend, who admitted having sold the van to defendant but denied giving him the gun, as defendant had told the police. Instead, she said, defendant had taken the gun from a safe in her closet, without her consent. She had filed a stolen property report after learning that the gun was missing.

Defendant was charged with traffic and heroin offenses in the Circuit Court for Dane County. Before he was convicted in state court, he was convicted in federal court on his plea of guilty to an indictment charging him with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, he objected to a four-level adjustment to his base offense level under the Sentencing Guidelines reflecting his possession of the gun in connection with another felony offense (possession with intent to distribute heroin). Additional increases were applied because the firearm had been stolen and because defendant had led police on a high speed chase through the city of Madison during rush hour, creating a substantial risk of serious bodily harm or death to other persons.

2

Defendant tried to argue at sentencing that the gun he was charged with possessing was not the same gun his girlfriend had reported missing. When the government indicated it could prove defendant wrong, he withdrew the objection. He did not object to the upward adjustment for serious risk of injury. Defense counsel did not ask the court to give defendant credit for any time he might serve in state custody.

Defendant did not enter guilty pleas to the offenses of recklessly endangering safety, fleeing or eluding an officer and possession with intent to distribute heroin until October 27, 2008, more than a month after he was sentenced in this court. His sentence for all three offenses was one year, to run concurrently with three concurrent one-year sentences imposed on him after his probation term was revoked in case nos. 00CF1526, 00CF1072 and 03CF759. Dkt. #3-2.

After defendant's appeal was denied by the Court of Appeals for the Seventh Circuit on August 21, 2009, he filed a petition for a writ of certiorari, which the Supreme Court denied on October 16, 2009. He filed this motion for post conviction relief on August 12, 2010, well within the one-year statutory limitation period.

In his direct appeal, defendant raised only the issue of his sentencing adjustment for possessing a gun in connection with another felony, arguing that a district court is not authorized to make factual determinations about uncharged conduct because doing so is a violation of his constitutional right to a jury trial and to due process. The court of appeals

3

denied the appeal, saying that accepting defendant's argument would require the court to disregard United States v. Booker, 543 U.S.220 (2005), and its remedial holding.

OPINION

Apparently aware that he cannot reargue the sentencing issue he raised in the court of appeals, defendant now contends that his trial counsel was constitutionally ineffective in not persuading the court that it should not apply a two-level adjustment for a stolen gun and in failing to ask the court to give defendant credit for the time he had served in state prison. The test for constitutional ineffectiveness of counsel was established in Strickland v. Washington, 466 U.S. 668 (1984). The test has two components. The defendant must show both that counsel's representation fell below a objective standard of reasonableness, id. at 688, and that there exists a reasonable probability that the result of the proceeding would have been different had it not been for counsel's unprofessional errors. Id. at 694. In other words, proving a lawyer ineffective requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Merely showing that counsel erred in a few specific respects may not be enough to show incompetence; counsel's work must be evaluated as a whole. Id. at 690; see also Peoples v. United States, 403 F.3d 844, 848 (7th Cir. 2005) ("it is the overall deficient performance, rather than a specific failing, that constitutes" ineffectiveness). Even

4

if a defendant can prove that his counsel was ineffective, he still must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland. 466 U.S. at 694.

Under Strickland, courts deciding post conviction motions based on inadequate representation may take up either prong of the two-prong showing that the defendant must make. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id. at 697.

In this instance, the two inquiries overlap. The only way in which defense counsel could be found ineffective is if the claims defendant wishes he had raised at sentencing would have succeeded. Otherwise, defendant was not prejudiced and there would be no basis on which to find that defense counsel's representation fell below the minimum standard to which defendant was entitled. The arguments defendant wanted counsel to make were without merit and would not have been granted, so no harm was done and defense counsel cannot be faulted for not pursuing the claims.

It is questionable whether defendant's challenges to his sentence are the proper subject of a § 2255 motion. Defendant is arguing only guidelines issues, which are generally not cognizable in such a motion. Welch v. United States, 604 F.3d 408, 412 (7th Cir. 2010) ("deviations from the Sentencing Guidelines generally are not cognizable on a § 2255

5

motion") (citing <u>Scott v. United States</u>, 997 F.2d 340, 343 (7th Cir. 1993)). Second, defendant did not challenge on appeal either the upward adjustment that was added because he had possessed the gun in connection with another offense or the court's failure to adjust his sentence to reflect time served in state custody. Although he clothes those challenges now in the garb of an ineffective assistance of counsel challenge, he could have brought them up in the course of his direct appeal.

Assuming for the sake of this motion, that defendant could overcome either of these deficits in his motion, he could not prevail on the merits. The law does not support his contention that his counsel failed him by not arguing for credit on his federal sentence for time served in state court. The Sentencing Guideline provision on which he relies is § 5G1.3(b)(1) and (2), which directs a sentencing court to adjust the sentence for any period of imprisonment already served on an undischarged term of imprisonment resulting from another offense that is relevant conduct to the offense of conviction. The difficulty is that defendant does not qualify for an adjustment under this provision. When he was sentenced in this court, he had not been sentenced for the state criminal conduct relevant to his conduct in this court and had never served any period of imprisonment for that conduct. Moreover, he never was given any time for the distribution of heroin crime that was relevant conduct to his federal crime; that time was imposed to run concurrently with terms of imprisonment imposed for previous crimes that had nothing to do with this case. Defense counsel acted

6

properly in not arguing that defendant's sentence was subject to the provisions of § 5G1.3.

To the extent that defendant argues that he was denied due process by the court's failure to run his sentence concurrently with his state court sentence, that argument is denied for the reasons just outlined. He was not entitled to any sentence credit.

Defendant's second allegation of ineffectiveness rests on his counsel's failure to contest the government's position that the gun attributable to him was stolen from his girlfriend. He argues that his girlfriend told the police that the gun was stolen only because they threatened her with criminal charges if they learned that she had provided it to him. He alleges that the police knew it was not stolen, as shown by their failure to ever press charges against his girl friend or to return the gun to his girl friend, who was supposedly the rightful owner. Defendant criticizes his counsel for not eliciting testimony from the registered purchaser and owner of the gun, who would have confirmed that it was not stolen.

Defendant has supplied no evidence to support his argument that the police could not have proved that the gun was stolen; he merely alleges that it was not. When a defendant is alleging a failure to investigate, as defendant is, he must provide "the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted).

Defendant argues that his sentence should not have been enhanced by two points for

leading law enforcement officers on a high speed chase because, he says, he merely drove away when the police announced their intent to search the van. He says that there was no high speed chase or any high speed driving. Again, he has not submitted any evidence to support his position. Moreover, when defendant was asked at sentencing whether he had any objections to anything in the presentence report that his counsel had not raised on his behalf, he said he did not. Sentencing Trans., dkt. #58, at 3. His counsel had not mentioned the proposed enhancement for the chase in the objections he filed. Had defendant wanted to challenge that adjustment, he had an opportunity to say so at sentencing.

I conclude that defendant has failed to show any reason why his motion for post conviction relief should be granted.

## ORDER

IT IS ORDERED that defendant Christopher Davis's motion for vacation of his sentence under 28 U.S.C. § 2255 is DENIED.

Entered this 25th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8